Judge Green.
The plaintiffs in the Court below, originally filed two several declarations, with distinct conclusions, “to their damage of $5000, and therefore, they bring suit, fkc.” The first of these declarations, set out the written contract between the parties, and alleged that they had always been *348 ready, and were still ready, to perform the contract on their part; but, that the defendant had failed and refused to pay the purchase money of the lot; but alleged no promise or assumpsit by the defendant. The second declaration follows the first, and is connected by these words; “and afterwards, to wit,” &c. and alleges an assumpsit by the defendant, in consideration of a lot sold to him by the plaintiffs; and then follows a count upon a general indebitatus assumpsit, for money had and received. Then follows the assignment of breaches upon the two last counts, and the conclusisn “ to their damage,” &e. To this declaration, or these declarations, the defendant pleaded non assumpsit, and issue was joined. At a subsequent Term, the plaintiffs had leave to amend their declaration, and the record proceeds, “ which was accordingly awarded, and which declaration so amended, is in these words and figures following, to wit.” This declaration is perfect in all its parts, having the regular commencement, statement of the cause of action, and conclusion. It contains a single count upon an assumpsit, in consideration of the agreement set out in the declaration. The defendant had liberty to plead de novo, and pleaded non assumpsit, upon which, issue was joined.
If it were material to the decision of this cause, I should, think, that the amended declaration, plea, and issue thereupon, were substitutes for the former pleadings, which were no longer a part of the record, although one of the exceptions speaks of the first count of the declaration, as one that was in issue before the jury. It is, however, unnecessary to decide this question; since, if the first set of pleadings are considered as a part of the record, any errors in them, which might have been fatal upon demurrer, are cured by the Statute of Jeofails.
The great objection insisted on by the appellant, is, that upon the true construction of the contract, a conveyance of a good title to the lot sold by the appellees-to him, was a condition precedent to their right, to demand the pur *349 chase money; and, that such a conveyance, or offer to convey, was neither alleged in the pleadings, nor proved upon the trial. If such were the true construction of the contract, the failure to allege a conveyance, or a tender of a conveyance, in the declaration, would, after verdict, have been cured by the Statute of Jeofails. Yet the plaintiff would have been bound to prove such conveyance or tender upon the trial. It is a general rule, that no party can be called upon to prove, upon the trial, any matter not alleged by him in his pleadings; unless the fact not alleged, is necessarily implied from the facts stated in the declaration or other pleading. As, if a feoffment is pleaded without alleging livery, livery must be proved; because there can be no feoffment without livery. Spieres v. Parker, 1 Term Rep. 145. 1 Saund. 228, note 1. In such cases, after verdict, even at the common law, all matters so necessarily implied from what was alleged, were presumed to have been proved on the trial, since the party might be called on to prove them; and the omission to aver such matters in the pleadings, was cured by the verdict. But, if some matter collateral to the fact in issue, and necessary to the right of the party, was omitted in the pleadings, the party could not be called upon to prove such collateral fact, upon the trial; and therefore, it was not after verdict presumed to have been proved, and consequently, such omission was not cured by verdict at the common law. Of this, several examples are cited in the note to Saunders, before referred to. In Collins v. Gibbs, 2 Burr. 899, it was held, that when a promise depends upon the performance of something to be first done, by him to whom the promise is made, and in an action upon such promise, the declaration does not aver performance by the plaintiff, after verdict for the plaintiff, the omission is cured by the common law; because the plaintiff might be called upon to prove his performance at the trial, and from the finding of the jury, it is presumed, that he did prove his performance. This is the explanation given by the note in Saunders, of that case.
*350 The question is, whether the conveyance of a good titie, or tender of such conveyance, was a condition precedent in this case, to the demand of the purchase money. If it was nob then there was no necessity to allege in the pleadings, or prove at the trial, any such conveyance or tender. If it was, then, although after verdict, the omission to make such an allegation in the pleadings, is cured by the Statute of Jeofails, and indeed would have been cured at the common Jaw. The plaintiffs were bound to prove such conveyance or tender upon the trial: They failed to do so; for the tender, such as it was, was made long after the time appointed for the payment of the purchase money.
The case of Pordage v. Cole, 1 Saund. 319, appears to be a case in point. There the contract was, that the defendant should give the plaintiff 7751. for all his lands, the money to be paid at mid-summer 1668; and the Court held, that the conveyance of the land Was not a condition precedent to the demand for the money. In the case at bar, the contract is, that the plaintiffs agree to sell and convey to the defendant, a lot at the rate of $> 40, for each front foot, one half at next Christmas, and the other half in twelve months thereafter. In both these cases, no time is limited for the conveyance of the property, and a time is limited for the payment of the purchase money; and according to the rule laid down, in Thorp v. Thorp, 1 Salk. 171, when the money is to be paid at an appointed time, and the day of payment is to happen, or may happen, before the thing which is the consideration of the payment of the money is to be performed, the performance of the thing is not a condition precedent to the right to demand the money. A general undertaking to pay money, without specifying the time of payment, obliges the party to pay immediately; but an undertaking to do any collateral act, as to convey lands, entitles the party to perform it at any time during his life, unless hastened by the request of the other party. Here the purchaser had a right to demand a conveyance immediately, and so the parties under *351 stood it; as is proved by the stipulation to make improvements; and upon a demand made, and a failure to convey, they might have maintained an action upon the covenant, before payment of the purchase money. But, the defendant never called upon the plaintiffs to convey the lot according to their contract; and until such a demand is made, and they fail, upon such demand, to make the conveyance of a good title, they are in no default, and have not violated their agreement. The defendant may now call upon them for a conveyance, and if they fail to convey a good title, recover damages for the breach of their agreement. In this case, the conveyance of the land, not only might, upon the terms of the agreement, be properly made after the time appointed for the payment of the money; but in the events which have happened, it may now be made in pursuance of the contract, long after that time. Upon this point, I think there is no error in the judgment.
As to the exception to the instruction of. the Court, in respect to the measure of damages, I do not remember that this was relied upon in the argument of the cause. That instruction was right. The stipulated price of property sold is certainly the proper measure of damages for the non-performance of the contract, if no evidence is offered to shew that under the circumstances, some other measure is more proper.
The judgment should be affirmed.
The other Judges concurred, and the judgment was affirmed.*