A. D. HAPPE, Respondent, *v.* J. W. STOUT, Appellant.

Where the consideration of a contract is expressed in writing, although fictitious, it satisfies the statute of frauds.

If there be no consideration, that fact may be urged specially as a good ground of defence.

Where the declaration states a condition precedent, and fails to aver performance, the defect must be taken advantage of by demurrer in the Court below.

It is too late to urge such defect after verdict.

APPEAL from the Sixth Judicial District for the County of Sacramento.

The suit was brought upon a contract set forth in the complaint, which recites that an execution had been placed in the hands of the sheriff of Sacramento county, against William Twist and William Stout, in favour of A. D. Happe, with instruction to levy, &c., on goods that defendant alleges did not belong to said William Stout, and that the judgment on which the execution was issued, was rendered without authority of law; and for the purpose of procuring a stay of the said execution, and in consideration of $50 in hand paid to Jacob Stout, the defendant, he agreed to become responsible individually, for the amount specified in the said execution, with costs, &c., to be paid to the plaintiff in the said execution, within sixty days from the date, unless before that time the said execution shall have been satisfied by the defendants therein, or the judgment upon which the said execution issued should be reversed, or the goods be declared to be the property of some other person than the defendant in the execution; and avers that the sixty days had expired, the money being unpaid, the judgment not reversed, nor the goods declared to be the property of any other person, and therefore that the defendant is bound to pay to the plaintiff $1200, &c.

Defendant's answer denies his indebtedness, &c., and avers that he never received any consideration for signing the said obligation; and that the $50 was never paid to him. And avers that no valid judgment or execution ever did exist against the said William Twist and William Stout; and that no valid execu-

tion was in the hands of the sheriff on the 9th of May, 1851, when the said contract was executed.

March 15th, 1852.   The case was referred by consent; and in the hearing several exceptions were taken, but two of which were considered by the Supreme Court.   The referee reported in favour of the plaintiff, $1484.67, upon which judgment was entered, and this appeal taken.

In the argument of the case before the referee, it was insisted by defendant's counsel, 1st. That the complaint did not aver any forbearance or other consideration, on which to support an undertaking.

2nd. That the undertaking of defendant was within the 13th section of the act concerning fraudulent conveyances and contracts, and void: both of which points the referee decided for the plaintiff, and defendant excepted.

*Hurd* and *Wallace,* for appellant.

The contract sued upon is a collateral agreement, expresses no consideration for the promise, and is void.   It is collateral, because it promises to pay the pre-existing debt of a third person; 3 Kent's Com. 123; Chit. on Contracts, 507. 511.   Notwithstanding the new consideration of forbearance, the contract is collateral, and within the statute of frauds; its moving cause and principal inducement being forbearance to press the collection of the debt of a third person, and not any benefit to the party promising.

The contract being collateral, and not original, the consideration must be expressed in writing, otherwise it falls within the statute of frauds, and is void; Waine *v.* Walters, 5 East, 10 ; 3 Kent's Com. 121, 2; Nelson *v.* Boynton, 3 Metcalf's Rep. 396; 1 Greenleaf on Evidence, sec. 268; Stat. of Cal. 267, sec. 12.

The plaintiff does not aver that he accepted Stout's proposition, or that he forebore to levy on the goods, &c., or performed any part of the agreement on his part.   Story on Contracts, sec. 479.

The plaintiff failed to show any debt due to him from the third person mentioned in the contract; and unless something was due to him he was not injured by the delay.

*Morrison* and *Robinson,* for respondent.

The undertaking on the part of defendant, was an original undertaking, founded on a new consideration, and it was not necessary that it should be in writing; Morier *v.* Andrews, 10 Wend. 461; Farley *v.* Cleveland, 4 Cowen, 432; Allen *v.* Thompson, 10 New Hampshire, 32; 7 Wend. 315; 8 Johns. 29; 7 Ib. 463; 8 Ib. 376; 10 Ib. 412. But the writing signed by defendant, is sufficient to take the case out of the statute of frauds, and the consideration sufficiently appears; Union Bank of Louisiana *v.* Costor, 1 Sandford, 563; Lent *v.* Padelford, 10 Mass. 231; De Wolf *v.* Robaud, 1 Peters's S. C. U. S. 501.

A promise to pay the amount of an execution against another, in consideration of delay, is an original promise, for a sufficient consideration, and not within the statute of frauds; Russel *v.* Babcock, 2 Shep. 138; Rusbon *v.* Whitaker, 1 Bernard, 9; Scott *v.* Thomas, 1 Scam. Ill. Rep. 58; Smith *v.* Finch, 2 Scam. 321. If a valid consideration can be gathered from the whole agreement, it is sufficient to support a guarantee, although it be not expressed in terms; Union Bank of Louisiana *v.* Costor, 1 Sandford, 563; De Wolf *v.* Robaud, 1 Peters, 501.

The opinion of the Court was delivered by HEYDENFELDT, Justice, with whom MURRAY, Chief Justice, concurred.

The contract sued on, says, "in consideration of fifty dollars," &c. It was proved on the trial, that this money was not paid, and that this consideration was fictitious. Therefore the appellant insists that the contract is within the statute of frauds. In this, however, he mistakes the operation of the statute, which is always satisfied when the consideration is expressed in writing. If there was no consideration, that fact might be set up specially, as a good defence.

The next point made is, that the declaration fails to aver the performance of a condition precedent. This objection comes too late. It should have been taken in the Court below by demurrer. The evidence shows that the performance was proved on the trial, and it is well settled in such cases, that the defect is cured by verdict. See Chitty's Pl. 673; Sand. Pl. & Ev. 130; Baily *v.* Clay, 4 Rand. 346.

Let the judgment be affirmed, with costs.