## SMITH *v.* COMPTON *et al.*

Where one person guarantees the payment of the debt of another, in consideration of the agreement of the creditor to stay proceedings against the debtor, the promise of the creditor is a condition precedent, and its performance must be proved to entitle him to a judgment against the guarantor.

Where a motion for a non-suit was improperly denied, but the defendant then introduced testimony enabling the plaintiff to supply the defect in his case, *Held* that defendant thereby waived the objection.

APPEAL from the Superior Court of the City of San Francisco.

The plaintiff brought his action on a tripartite agreement (not under seal) dated Nov. 22, 1853, between Wm. A. Richardson of the first part, Chas. S. Compton and D. Davidson (the defendants) of the second part, and Wm. Smith (the plaintiff) of the third part; which recites that Smith had recovered a judgment for $3,913, besides costs, the whole bearing interest, against Richardson, under which he had levied on property of Richardson in Marin County; and contains the following agreements : Richardson agrees that the interest shall be compounded, and bear interest with the principal. Compton and Davidson agree that the property levied on shall not be removed, and shall remain subject to the levy, and also guarantee the payment of the judgment and costs. Smith agrees to suspend all proceedings under the judgment for four months, and to assign the judgment, on a week's notice, to Compton and Davidson, on their paying him the amount due at any time previous to the expiration of the four months. A payment of $300 on account of the judgment in Smith *v.* Richardson, was admitted. The performance by plaintiff of his portion of the contract is put in special issue by the pleadings.

On the trial of the cause, the defendants introduced the contract in evidence, and then rested his case. The defendants then moved for a non-suit, upon the ground, among others, that the plaintiff had not proved a compliance with his agreement to suspend proceedings.

The motion for a non-suit was overruled, and the plaintiff then introduced testimony to the effect that the levy was made on Richardson's property under plaintiff's judgment, on Nov. 10, 1853, and a portion ·of the property sold under the orders of plaintiff, March 6, 1854, the remainder being claimed by other parties and found to be their property by a sheriff's jury. The plaintiff then proved that the defendants assented to the sale being made prior to the expiration of the four months, and actively assisted therein, and the jury so found under the instructions of the Court. The Court instructed the jury if they found for the plaintiff, to give a verdict for the amount of the judgment against Richardson, less the amount paid, with simple interest at three per cent.

The jury found a verdict for plaintiff for $3,912 55. Judgment accordingly. Defendants moved for a new trial, which was denied by the Court, and defendants appealed.

*Hall McAllister* for Appellants.

The consideration for the guaranty was the forbearance of the plaintiff. The plaintiff omitted to prove that he had stayed proceedings as agreed by him, and rested his case after introducing the contract. The defendants were therefore clearly entitled to a judgment of nonsuit.

A guaranty is to be so construed as to give effect to whatever is fairly presumable to be the intention and understanding of the parties, and not according to any strict technical nicety. Story on Contracts, § 854; Douglass *v.* Reynolds, 7 Pet., 113; Lee *v.* Dick, 10 Pet., 482; Bell *v.* Bruen, 17 Pet., 11; 1 Howard, S. C., 169.

The promise of the plaintiff to forbear, was a condition precedent. 2 Parsons' Contracts, 40, 41, 187, 189.

The contract is tripartite, and the consideration of the forbearance of the plaintiff goes to the whole of the promise of Richardson to pay compound interest, and of the promise of defendants that the judgment should be paid, and is a condition precedent to both.

The contract not being under seal, the plaintiff must prove a consideration for the alleged promise, under the general issue at Common Law. 2 Greenl. Ev., § 105, 106.

Still greater is the necessity of proving performance of conditions precedent alleged in the complaint and specifically denied, under the Code. 2 Greenl. Ev., § 235; 1 Chitty's Pl., 280; 3 Term R., 592.

If the defendants had gone to the jury, without introducing testimony, ought not the Court to have directed a verdict in their favor?

The defendants do not lose the benefit of their motion for non-suit by introducing other evidence, and the error of the Court below in this particular is sufficient to set aside its judgment and grant a new trial, and we are entitled to the benefit of our exception to the ruling of the Court.

(Other points are taken, which are not passed upon by the Court.)

*Thomas C. Hambly* for Respondent.

The agreement on the part of the plaintiff was to wait—in other words, to do *nothing.* Is the burden of proof on us to show that we did nothing, or on the defendants to show that we did *something* in contravention of our agreement? On our part, the proof is impossible, as no witness could swear to such a negative; on the other hand, if we did anything, they could easily show it. 1 Phillips' Ev., 195, 198; 4 Barn. & Adol., 140; 9 Price, 257; 5 Maule & Sel., 211; 1 Barn. & Cress, 150; 3 Barn. & Cress, 242; 1 Term R., 144, 649; 1 Bos. & Pull., 468; 2 Bos. & Pull., 307; 1 Earl, 650; 10 Earl, 211.

Even if the argument for the appellants on this point is correct, yet, as they introduced evidence upon the question of forbearance, they gave us the right to do the same, which we did; fully establishing the fact that, though the sale was made within the four months, yet it was done with the assent and at the wish of the appellants.

Mr. Justice TERRY delivered the opinion of the Court. Mr. Justice HEYDENFELDT concurred.

The promise on the part of plaintiff to stay proceedings under his judgment against Richardson, was a condition precedent to the guaranty sued on, and performance on his part should have been alleged and proven, to entitle him to recover against defendants.

This was not done in the opening, and defendant was entitled to a judgment of non-suit.

The defendant, however, after his motion was denied, introduced evidence which enabled plaintiff to supply the defect in his case, and by so doing, waived the objection. See Ringold v. Haven, 1 Cal. Rep., 108.

From the whole record, the right of plaintiff to recover clearly appears; and we will not disturb a judgment, when it is evident that a new trial must be attended with the same result.

The judgment is affirmed with costs.