# City of Anniston *v*. Ivey.

*Damages for Death on Account of Defect in Street.*

(Decided May 9, 1907.   44 South. 48.)

1. *Municipal Corporations; Defective Street; Actions; Complaint.* —A complaint which alleged that a ditch in a street had been negligently left there for a sufficient length of time for the city to have known it; that the city negligently allowed a dangerous depression to be and remain in said street for a long time, to-wit, three days; that the city cut a ditch and negligently allowed it to remain open, and negligently failed to place any guard around it or put any warnings or signals there; that the ditch was dug and a sewer laid, and when the ditch was refilled the dirt settled down leaving the ditch one foot or more in depth, and soft and miry and was negligently left in that condition for a long time; and that the city, through its agents, defectively filled the ditch and negligently failed to repair the ditch after the excavation had been made for the sewer pipe, contains sufficient averments of negligence and of notice actual or constructive to the city of the defective condition of the street.

2. *Action; Right of for Death; Persons Liable.*—The personal representative of a person injured by a sewer ditch negligently left open or unguarded has a right of action against the city to recover damages for the death of decedent caused by the wrongful act, omission or negligence of the city, under sections 1 and 27 of the Code of 1896.

3. *Appeal; Harmless Error; Demurrer to Pleading.*—It is harmless error to sustain demurrers to pleas where the party pleading has the benefit of the same matter of defense under other pleas to which demurrers are not sustained.

4. *Municipal Corporations; Defective Streets; Action; Evidence.*— It is not error to exclude the answer of a witness as to what are his duties as chairman of the street committee, since his duties at the time of the trial several months after the injury, is immaterial.

5. *Evidence; Opinion; Jury Question.*—Since the fact as to whether the street in question was in a dangerous or impassable condition had to be determined by the jury alone, a witness could not be asked his opinion in reference thereto.

6. *Municipal Corporations; Defective Street; Action; Evidence.*— The court properly excluded the answer of the witness that he would have noticed it had there been a ditch twelve or eighteen inches deep on Fourteenth Street for several days prior to the time Ivey was hurt.

APPEAL from Calhoun Circuit Court.

Heard before Hon. JOHN PELHAM.

Action by W. R. Ivey, administrator, against the city of Anniston. From a judgment for plaintiff, defendant appeals. Affirmed.

W. R. Ivey, as administrator, sued the city of Anniston to recover damages for the death of his intestate. There were five counts in the complaint. The gravamen of the first count is that the depression or ditch in the street had been negligently left there for a sufficient length of time for the defendant to have known it. The second charges that it negligently allowed a dangerous depression to be and remain in its streets for a long time, to-wit, three days; but it does not allege that the city authorities had either actual or constructive notice of the defect. The third count avers that the city cut or dug a ditch, and negligently allowed the same to remain open, and negligently failed to place any guard around said ditch, or to put any warnings or signals there. The fourth count avers that the ditch was dug three feet wide and four feet deep across the street, and a sewer was laid and the ditch filled, but that the dirt settled down, so that the ditch was then one foot or more in depth, and soft and miry, and was negligently left in that condition for a long time; but it is not alleged that the defendant had any notice, actual or constructive, that the dirt had settled down, or that it had become soft and miry. The gravamen of the fifth count is that the city, through its agents, defectively filled said ditch, and negligently failed to repair the street after the excavation had been made for the sewer pipe. A number of grounds of demurrer were filed to these counts, but the second, sixth, eighth, and ninth only are insisted upon. The second and sixth present the question of the failure to allege or show that the city had actual or constructive notice of any ditch or depression in the street. The eighth and ninth raise the question as to whether or not

this action obtained in favor of plaintiff as administrator against the municipal corporation. The defendant then interposed the general issue and four special pleas of contributory negligence. Demurrers were interposed and sustained to all of the special pleas, except plea 2; but the only insistence here is as to the sustaining of demurrers to plea 3, which was as follows: "The plaintiff's intestate was himself guilty of negligence which proximately contributed to his own injury, in this: That at the time of said accident he was sitting on the seat of a high furniture wagon, and driving along said street at a rapid rate of speed, and not having any support for his back or for his side in the wagon, and having no sufficient brace or protection in front, upon running over a slight depression in the street, he was thrown from said wagon. And defendant avers that, had he been driving at a moderate rate of speed, considering the seat upon which he was sitting, and considering that he had no sufficient support for his body to keep him from falling, he would not have been thrown from said wagon by the wheels thereof running into said ditch or depression." The demurrers raise the question that there are no facts alleged in said plea to constitute contributory negligence; it is not negligence to drive at a high rate of speed in a wagon such as is described in said plea, and the rate of speed at which plaintiff's intestate was driving is not stated; that it was the duty of defendant to keep said streets in condition reasonably safe for the passage of vehicles of the character set forth in the plea. There was judgment for the plaintiff in the sum of $1,500, and defendant appeals.

BLACKWELL & AGEE, for appellant.—The 2nd and 6th grounds of demurrer to the 2nd and 6th counts of the complaint should have been sustained.—*Davis v. Alex-*

[City of Anniston v. Ivey.]

*ander City,* 137 Ala. 207; *Wright v. City of Montgomery,* 72 Ala. 420. The right of action against the city was not in the administrator.—Section 2300, Code 1867; § 2643, Code 1876; Endlich on Interpretation of Statute, section 51. The court improperly sustained an objection to the question asked the engineer if he would have noticed had there been a ditch twelve or eighteen inches deep on Fourteenth street for several days prior to the time Ivey was hurt.—*Hill v. The State,* 40 South. 387; *Rawlings v. The State,* 136 Ala. 126; *McVeigh v. The State,* 100 Ala. 110; *Cox v. The State,* 76 Ala. 68; *Ward v. Reynolds,* 32 Ala. 389; *Killen v. Lyde,* 65 Ala. 505.

TAIT & WALKER, and KNOX, ACKER & BLACKMON, for appellee.—There was no merit in the demurrers to the complaint.—*Lord v. Mobile,* 113 Ala. 366. The suit was properly brought by the administrator against the city. —Sections 1 and 27, Code, 1896; *Shannon v. Jefferson County,* 125 Ala. 384. The defendant had the benefit of the facts set up in the plea to which demurrers were sustained under other pleas to which no demurrers were sustained.

McCLELLAN, J.—The appellee's intestate died, it is averred, as the result of an injury directly attributable to a defect in a public street in the city of Anniston. This defect arose from a sewer ditch across the street and the refilling thereof after the line was laid. The defendant's demurrers attack the complaint because of insufficiency of averment of negligence; and also of notice, actual or constructive, to the city of the defective condition of the street; and also on the ground that this action is not within the saving provisions of section 27 of the Code of 1896. We do not think the demurrers were erroneously overruled.

With regard to the sufficiency of the averments, pract¯ically similar counts were held good, against demurrer, by this court in the case of *Lord v. Mobile,* 113 Ala. 360, 21 South. 366, in which opinion it is said: "The averment that the defendant allowed a dangerous hole to remain in one of its sidewalks, as averred, imports that the defect had existed sufficiently long to have been discovered and remedied by the exercise of due care on the part of the defendant. The allegation of the defect, and of notice of its existence was sufficient." However, the counts here seem to proceed even further than those in the *Lord Case,* of which it was said their amendment made them no better.

Section 27 of the Code of 1896 unquestionably preserves this action to the personal representative. It uses the expression "person or persons, or corporation," and we are unable to see how it can be denied application to municipalities, simply because the various condifications reveal a substitution of the word "corporation" for others adopted in former Codes. And this construction is rendered even more conclusive by reference to section 1 of the Code of 1896 wherein it provides that the word "person," used in the Code, "includes a corporation as well as natural persons." The case of *Shannon v. Jefferson County,* 125 Ala. 384, 27 South. 977, is also authority in this connection.

The defendant interposed five pleas. The first was the general issue. The special pleas purport to set up contributory negligence of the deceased. The trial court sustained demurrers to pleas 3, 4, and 5, but overruled them as to plea 2. There was no prejudicial error in this.

The remaining assignments of error relate to rulings on questions propounded to witnesses. A witness was asked: "* * * State what your duties are as chair-

man of the street committee." Objection by plaintiff was sustained. We do not think the exclusion of this question, if legal at all, resulted in injury to appellant. This witness, later in his examination, testified that he had no personal knowledge of the condition of the street, nor of the filling in of the ditch; and, besides, the question quoted related to his duties at the time of the trial, which was months subsequent to the injury complained of, and what they were then was certainly immaterial.

The next assignment rests on the refusal of the court to permit a witness for appellant to state whether the street in question was in a "dangerous or impassible condition." This called for a conclusion of the witness, and was well disallowed. Whether the street was in a condition of the character inquired about could be determinable alone by the jury.

The last assignment is based on the court's action in sustaining plaintiff's objection to this question: "I will ask you to state to the jury whether or not, if there had been a ditch 12 or 18 inches deep on Fourteenth street for several days prior to the time Ivey was hurt, you would have noticed it." The appellant cites several authorities to sustain his contention of error in this instance. They are not applicable to this question. They relate, with one exception, to cases of prosecutions for using improper language in the presence of females, or within hearing of a dwelling, etc. The excepted case was where, it appears, an effort was being made to impeach a witness as to a declaration made by a party in the hearing of others. Patently, the cited cases afford no ground to permit a witness to reply to a question like the one at bar. True, he might have traversed the street with frequency and not have noticed the defect, yet that could not avail to tend to show, even negatively,

that it did not exist. If the question had tended to elicit the fact (if so) that witness, though frequently, at that time, over the street, did not see any defect therein, then there might be reason for the insistence that the question was improperly disallowed.

There is no error in the record, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.