# City of Ensley v. Smith.

### Damage on Account of Defect in Street.

(Decided Jan. 13, 1910.   51 South. 343.)

1. *Municipal Corporations; Defect in Street; Injury to Pedestrian; Notice to City.*—Where one sues for injury from a defect in a city street, such one must aver and prove express notice of the defect to the city or facts from which it may be inferred that the authorities of the city were chargeable with constructive notice of such defect.

2. *Same; Complaint.*—An averment in a complaint for injuries from defects in a city street that the defendant city negligently allowed the street to become in a dangerous condition was sufficient averment of implied or constructive notice thereof to the city authorities.

3. *Appeal and Error; Judgment; Trial by Court; Review.*— Where a case is tried by a court sitting as a jury the judgment of the court is equivalent to the verdict of a jury and will not be reviewed unless plainly erroneous.

4. *Same; Assignments; Insistence.*—Where the brief merely repeats the assignment of error and sets out the grounds of demurrer without further argument or citation of authority, the assignment based on the rulings on demurrer will be held to be waived and will not be reviewed.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NeSMITH.

Action by James Smith against the Mayor and City Council of Ensley. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint is as follows: "Plaintiff claims of the defendant the sum of $1,000 as damages, for that on, to wit, the 9th day of March, 1905, the defendant was a municipal corporation in Jefferson county, Alabama; that it was the duty of said municipal coroporation to keep the streets and avenues of said city of Ensley in a safe and suitable condition for the use of the public. Plaintiff avers that said defendant, unmindful of its duty in the premises, negligently allowed or permitted one of the streets of said city to be and become in a dangerous and unsafe condition in this: That the defendant negligently allowed the certain hole or excavation about four feet wide and three feet deep to be in one of its said streets or public thoroughfares. Plaintiff avers that, while driving along said streets or business thoroughfare in a wagon drawn by a horse, he, together with said horse and wagon, fell into said excavation or hole, then and there and thereby injuring said horse so that he died, and breaking and injuring his said wagon, and then and there bruising plaintiff in and about his head, body, and limbs." Then follows an allegation as to the damages suffered as a proximate consequence of the injury. The second count is similar

to the first, except that it was alleged that the municipality negligently allowed the said excavation to be in said street without any safeguard to prevent the public, who used said streets and thoroughfare, from falling therein. The demurrers sufficiently appear in the opinion.

FRED G. MOORE, for appellant.—Notice of defects must be averred and proven, and hence, the demurrer to the complaint should have been sustained.—*Albritton v. Huntsville,* 60 Ala. 486; *Montgomery v. Wright,* 72 Ala. 411; *Cullman v. McMinn,* 109 Ala. 614; *Arndt v. Cullman,* 132 Ala. 547; *Davis v. Alexander City,* 137 Ala. 209. The court erred in the judgment rendered. —Acts 1884-5, p. 220; 28 Cyc. 1407; Id. 1392.

B. M. ALLEN, and ROBERT N. BELL, for appellee.— A municipal corporation is liable for a defect in, or obstruction of a public street, whether this defect arises from a failure to keep in proper condition, or from obstructions allowed therein.—*Cohen et al., Admrs., v. Mayor of N. Y.,* 4. L. R. A. 406; *Kennedy v. New York,* 73 N. Y. 365; *Macauley v. New York,* 67 N. Y. 602; *Ring v. Cahoes,* 77 N. Y. 83; *King v. Troy,* 104 N. Y. 344; *Tayloe v. Mayor, etc., of Birmingham,* 105 Ala. 170. The public is entitled to the use of the entire street, and a municipal corporation is liable for a defect in the side-walk as well as other parts of the street.— *Star v. Mayor, etc., of Birmingham,* 102 Ala. 98; *Hayes v. City of Seattle* (Wash.), 86 Pac. Rep. 852; 4 L. R. A. 406. Where the injuries complained of are the result of negligence of others than the defendant, cooperating with that of the defendant and caused said injuries, this does not relieve the defendant of liability, even though without the agency of both the injuries

would not have occurred.—28 L. R. A. 696; 51 Kans. 316; *Union Street Ry. v. Stone,* 54 Kans. 83; *Griggs v. Flickenstein,* 14 Minn. 81; s. c. 100 Am. Dec. 199; *Oil Creek R. R. Co. c. Klighorn,* 74 Pennsylvania 316. There is a municipal duty to warn the traveling public of all casual obstructions or defects in streets not otherwise safeguarded by warning lights or signals.—*McCarmel v. Guthridge,* 42 Ill. App. 632; *Baltimore v. O'Donnel,* 53 Ma. 110; 36 Am. St. Rep. 395; 192 Ill. 369; 61 N. E. 323; *Canton v. Dewey,* 71 Ill. App. 346; *Duley v. Sullivan,* 112 Ind. 451; 14 N. E. 456; 2nd Am. St. Rep. 209; *Fox v. Chelsea,* 171 Mass. 297; *Hayes v. West Bay City,* 91 Mich. 418; *Joslyn v. Detroit,* 74 Mich. 458; 28 Cyc. 1405, and authorities cited.

ANDERSON, J.—It is true that in actions of this character against a municipality it is incumbent upon the plaintiff to aver and prove express notice of the defect, or facts from which it might be inferred that the corporate authorities were chargeable with constructive notice thereof. The complaint, however, in the case at bar, and each count thereof, avers that the defendant negligently allowed the street to become in a dangerous condition, and was a sufficient averment of implied or constructive notice.—*Lord v. City of Mobile,* 113 Ala. 362, 21 South. 366; *Arndt v. City of Cullman,* 132 Ala. 547, 31 South. 478, 90 Am. St. Rep. 922; *City of Montgomery v. Wright,* 72 Ala. 411, 47 Am. Rep. 422; *L. & N. R. v. Hawkins,* 92 Ala. 244, 9 South. 271. The trial court did not err in overruling the demurrer presenting the failure to aver notice of the defect.

This case was tried by the court without a jury, and the evidence was ore tenus, and the judgment of the court was like unto the verdict of a jury, and will not

[Western Union Telegraph Co. v. Fuel.]

be disturbed here, unless it is plainly erroneous.— *Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720, which has been repeatedly cited and reaffirmed by this court. We are not prepared to say that the judgment was plainly erroneous.

The only other error suggested in brief of appellant's counsel refers to the fifth ground of demurrer. The brief merely repeats the assignment of error, and sets out the ground of the demurrer, and is not supported by argument or citation of authority, and the ruling of the trial court in this respect need not be regarded.— *Montgomery R. R. v. Hastings,* 138 Ala. 445, 35 South. 412.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.