# City of Birmingham *v.* Poole.

*Damage for Injury From Defective Streets.*

(Decided May 12, 1910.   52 South. 937.)

1. *Municipal Corporations; Defect in Street; Action; Complaint.*—Where the complaint alleges that the city made the ditch and negli-gently permitted it to remain open causing injuries to a traveler, the complaint sufficiently states that the city had notice of the existence of the ditch.

2. *Same; Evidence.*—Where a witness testified that he called up the street commissioner's office of a municipality, by telephone, and requested them to remedy the defect, and that the person answering the telephone replied that it would be attended to, and this was sev-eral days prior to the accident, and the street commissioner's denied obtaining any information and making the promise it was competent to show that a telephone was kept in the commissioner's office, that similar complaints were usually received over the phone, and that there was a person in the office with authority to receive such com-plaints during the absence of the commissioner.

3. *Same; Instructions.*—Where the evidence justified an inference that the city knew of the existence of a ditch in the street and neg-ligently failed to fill it, or negligently permitted it to remain, the city was not entitled to have the verdict directed for it in an action for injuries to a traveler caused by the ditch.

4. *Same.*—A charge asserting that unless the defect which caused the injury had existed long enough, in the absence of actual notice, for the city in the reasonable exercise of its duties to have discovered and remedied the defect, there could be no recovery, pretermitted the duty of the city to guard the defect and was properly refused.

5. *Charge of Court; Issues.*—Unless a defendant is entitled to a verdict under the entire complaint, charges requiring a finding for the defendant on the different counts of the complaint are improper.

6. *Same; Weight of Evidence.*—Charges asserting that there is no evidence of a fact therein set forth, are properly refused.

Appeal from Birmingham City Court.

Heard before Hon. C. W. Ferguson.

Action by H. C. Pool against the City of Birmingham. From a judgment for plaintiff, defendant appeals. Affirmed.

The first count alleges that the ditch or excavation which proximately caused the damage was made in said street and with the knowledge of the defendant, and that defendant had knowledge of the danger and defective condition of said street at the time of plaintiff's said injury, and defendant negligently failed to have said street put in reasonably safe condition. The second count alleges that the defendant had knowledge of the defective condition of said street, or by the exercise of reasonable diligence might have had such knowledge, and negligently failed to repair the same, or place any warnings, signals, etc. The fourth count alleges that the defendant permitted the excavation to be made, and that the same had not been properly filled in and made solid, and knew of the dangerous condition, or with exercise of reasonable care could have known, and failed to place warning signals of any kind. Count 3 alleges that the defendant permitted said excavation to be made, and with notice of the same allowed the same to remain in an unsafe and dangerous condition. The demurrers raise the question of a failure to sufficiently allege notice of the defects, or of facts from which such notice would be inferred.

The charges refused are: (1) The general affirmative charge. (2) Verdict for the defendant under the first count, if the jury believe the evidence. (3) Same as to the second count. (4) Same as to the third count. (5) Same as to the fourth count. (6) Same as to the fifth count. (7) Same as to the sixth count. (8) "I charge you, gentlemen of the jury, that unless you believe from the evidence in this case that the defect complained of had existed long enough, in the absence of

actual notice, for the defendant in the reasonable exercise of its duties to have discovered and remedied said defects, there can be no recovery in this cause." (9) "I charge you, gentlemen of the jury, that there is no evidence in this cause showing that the defendant had actual notice of the defective condition of the street described in the complaint prior to the time of plaintiff's accident."

R. H. THACH, for appellant. The demurrer to the amended complaint should have been sustained.—*Cullman v. McMinn*, 109 Ala. 615; *City Council v. Wright*, 72 Ala. 411. The court erred in the admission of evidence as to the telephone in the street commissioner's office. On account of want of reasonable notice of the defect, no actual notice being shown, the court should have directed a verdict for the appellant. The charges requested by the defendant should have been given under the authorities supra.

L. J. HALEY, JR., for appellee. The court properly overruled demurrers to the complaint.—*Lord v. City of Mobile*, 113 Ala. 360; *City of Anniston v. Ivey*, 151 Ala. 392. On these authorities, the court properly declined to direct the verdict for the defendant. Charge 8 was properly refused, as were charges 9, 10 and 11.—*Albritton v. Huntsville*, 60 Ala. 486; *Bradford v. Anniston*, 92 Ala. 349; *Bir. v. Lewis*, 92 Ala. 352.

ANDERSON, J.—The counts of the complaint either aver that the defendant affirmatively caused the ditch to be made, or negligently· permitted it to remain open. If it caused it to be made, then it had notice of its existence. On the other hand, whether it caused it to be made or not, but negligently permitted it to be there, the

averment that it did so negligently permit it to be in the street is the equivalent of averring notice of the defect.—*Lord v. City of Mobile*, 113 Ala. 360, 21 South. 366; *Ensley v. Smith*, 51 South. 343; *City of Anniston v. Ivey*, 151 Ala. 392, 44 South. 48. The complaint was not subject to the grounds of demurrer insisted upon in appellant's argument.

The witness Sellers had testified that he called up the street commissioner's office and requested them over the phone to fill the ditch several days prior to the plaintiff's accident, and that whoever answered the phone said it would be attended to. The street commissioner, McCartin, denied getting the information and making the promise, and it was therefore competent to show that a telephone was kept in his office, that complaints of this character were usually received over the phone, and that a young man was left in his office with authority to receive them during his absence and report same.

Charge 1, the general charge as to the entire complaint, was properly refused, as there was evidence from which the jury could infer that the defendant knew of the ditch, and negligently failed to fill it, or negligently permitted it to be there.

Charges 2, 3, 4, 5, 6, and 7 requested a finding for the defendant upon the different counts. This form of charge has been repeatedly condemned by this court, unless the defendant was entitled to a verdict under the entire complaint.—*Bessemer Co. v. Tillman*, 139 Ala. 464, 36 South. 40; *L. & N. R. R. v. Sandlin*, 125 Ala. 585, 28 South. 40. We do not mean to hold, however, that the defendant was entitled to the general charge as to any of the counts, had it been properly framed.

Charge 8, requested by the defendant, was properly refused. If not otherwise bad, it pretermits the defendant's duty to have guarded or signaled the defect. It

may not have had actual notice of the ditch, or may not have been negligent in failing to discover and repair same, and yet may have been negligent in failing to discover and guard or place warnings to protect the public.

Charge 9 asserts no legal proposition and has been repeatedly condemned by this court.—*Montgomery R. R. v. Smith*, 146 Ala. 327, 39 South. 757; *Tutwiler v. Burns*, 160 Ala. 386, 49 South. 455.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.