(117 So. 65)
**CITY OF BIRMINGHAM v. SCOTT.**
**(6 Div. 106.)**

Supreme Court of Alabama. April 19, 1928.

Rehearing Denied May 31, 1928.

1. Pleading ☞433(8)—Failure to allege notice to city of injury from bridge defect does not render complaint insufficient to state cause of action sufficient to support verdict or judgment, nor as respects amendment (Acts 1915, p. 298, § 12; Code 1923, § 9513).

Though failure to allege in complaint that notice of injuries sustained because of defect in bridge was duly given to city as required by Acts 1915, p. 298, § 12, would make complaint bad against demurrer, its omission did not render complaint so abortive that it would not support a verdict or judgment for failure to state a cause of action, nor as respects right to amend it, under Code 1923, § 9513.

2. Pleading ☞248(11)—Allegation of notice to city of injury from defective bridge held properly allowed as amendment and not to constitute a departure (Acts 1915, p. 298, § 12; Code 1923, § 9513).

Where complaint stated cause of action against city for injuries to plaintiff while riding in automobile resulting from defect in bridge, amendment merely alleging that notice required by Acts 1915, p. 298, § 12, was given to city *held* properly allowed under Code 1923, § 9513, since it related to same injury or subject-matter and was not a departure.

**3. Bridges ⬬45—Notice of accident in which plaintiff in automobile was injured held sufficiently to state time, place, and nature of accident (Acts 1915, p. 298, § 12).**

Notice of injury given to city under Acts 1915, p. 298, § 12, reciting that plaintiff while riding "on Fifth avenue, Wylam, Ala., near Forty-Second Street, was injured by said automobile falling into a defect in a bridge in said street. * * * The accident occurred September 8, 1923, at about 7 o'clock p. m."—sufficiently located place and stated time and manner in which accident occurred.

**4. Bridges ⬬46(3)—Complaint stating that automobile fell through rotten bridge held sufficiently to describe defect.**

Complaint in action against city alleging that plaintiff while riding in an automobile was injured when the automobile "fell through a rotten bridge," which constituted a part of the highway, *held* sufficiently to describe defect in bridge.

**5. Municipal corporations ⬬816(4)—Allegation that municipality negligently maintained or permitted defect in highway is equivalent to charging notice of defect.**

In action against a municipality for injuries resulting from defect in highway, plaintiff must prove that municipality had notice of defect or facts from which notice may be implied, and these facts should be averred, but where complaint charges that municipality negligently maintained or permitted the defect, this is the equivalent of charging notice, express or implied, of said defect.

**6. Bridges ⬬46(3)—Allegation that city negligently caused automobile to fall through bridge held sufficiently to allege notice.**

Allegation of complaint that city negligently caused automobile in which plaintiff was riding to fall through bridge *held* sufficiently to allege notice of defect to city, as against demurrer.

**7. Appeal and error ⬬501(4)—Trial court cannot be put in error in rulings on charges, in absence of exception in bill of exceptions.**

Appellate court cannot put trial court in error as to the giving or refusing of charges or as to the oral charge, in the absence of exception thereto disclosed in the bill of exceptions, even if it contains all the evidence.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action for damages by Thomas O. Scott, suing by his next friend, Mrs. J. A. Scott, against the city of Birmingham. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code, § 7326. Affirmed.

The original complaint is as follows:

"Plaintiff, who is a minor and who sues by his next friend Mrs. J. A. Scott, claims of the defendant, a municipal corporation in the county of Jefferson, state of Alabama, $100,000 damages for that, on, to wit, September 8, 1923, plaintiff, while riding in an automobile in a public highway in said city, county, and state, was injured as follows: Said automobile fell

through a rotten bridge, a part of said public highway, severely and seriously injuring plaintiff's head, neck, back, body, limbs, viscera of the cranial, thoracic, pelvic, and abdominal cavities, spine and general nervous system, thereby causing plaintiff to endure very great physical and mental pain and suffering, to lose a great deal of time from his employment, and to incur great expense in and about the treatment of said injuries, permanently injuring plaintiff and permanently rendering him less able to earn a livelihood. Plaintiff avers said injuries were proximately caused by the negligence of the defendant, which negligence consisted in this, said defendant negligently caused said automobile to fall through said bridge."

The complaint was amended as follows:

"Now comes the plaintiff, and by leave of court for this purpose first had and obtained amends the complaint as herein set forth.

"Plaintiff avers on December 4, 1923, he served the notice hereto attached and marked Exhibit A and made a part hereof upon the city commission of the city of Birmingham, by leaving the same with L. E. Gray, city clerk and clerk of said commission.

"Exhibit A.

"To the Honorables the Commissioners of the City of Birmingham—Gentlemen: You are hereby respectfully notified that Thomas C. Scott, while riding in a Ford automobile on Fifth avenue, Wylam, Ala., near Forty-Second street, was injured by said automobile falling into a defect in a bridge in said street, which bridge was without guards or lights or other warning signals of the presence of said defect. Said Scott's head, neck, back, body, limbs, viscera of the cranial, thoracic, pelvic, and abdominal cavities, spine and general nervous system were painfully, severely, and seriously injured. The accident occurred September 8, 1923, at about 7 o'clock p. m. Said Scott claims $100,000 as damages for said injuries. Said Scott lives at 4305 Fourth avenue, Wylam, Ala.       Thos. O. Scott.

"Sworn to and subscribed before me this 4th day of December, 1923.

"John E. Nolan, Notary Public. "[Notarial Seal].

"We hereby accept service of a copy of the above notice, this —— day of December, 1923.

"————————.

"Filed Dec. 4, 1923:

"L. E. Gray, City Clerk."

Horace C. Wilkinson and J. R. McElroy, both of Birmingham, for appellant.

Not only a compliance with, but a full and complete averment in, the complaint of the compliance with the requirements of the statute as to statement, are conditions precedent to the maintenance of suit and recovery by the plaintiff in actions against the city of Birmingham. Acts 1915, p. 298; Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874; City of Birmingham v. Edwards, 201 Ala. 251, 77 So. 841; Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63. Where an orig-

inal complaint or declaration fails to state a cause of action, it cannot be amended so as to state a cause of action. Swift v. Union Central Fire Ins. Co., 279 Mo. 606, 216 S. W. 935; Tremont Lbr. Co. v. May. 143 La. 389, 78 So. 650; McAndrews v. Chicago, L. S. & E. R. Co., 222 Ill. 232, 78 N. E. 603; Wheeler v. Hall, 54 App. Div. 49, 66 N. Y. S. 257; Coker v. Monaghan Mills (C. C.) 119 F. 706; Tolman v. Union Mut. L. Ins. Co., 124 Me. 42, 126 A. 16; Landrum v. Ross, 113 Okl. 275, 240 P. 1060; Ark. Life Ins. Co. v. American Nat'l Life Ins. Co., 110 Ark. 130, 161 S. W. 136; City of Macon v. Newberry, 35 Ga. App. 252, 132 S. E. 917; Lilly v. Charlotte, C. & A. R. R. Co., 32 S. C. 142, 10 S. E. 932; Whaley v. Lawten, 57 S. C. 256, 35 S. E. 558; Mizzell v. Ruffin, 118 N. C. 69, 23 S. E. 927; K. v. H., 20 Wis. 239, 91 Am. Dec. 397; Linn v. Scott, 3 Tex. 67; Bachus v. Mickle, 45 Ala. 445; Varner v. Barrett, 209 Ala. 256, 96 So. 70. Our statute of amendment does not permit of the substitution of an entirely new cause of action; that is, a cause of action which is not stated in the original complaint. Rice v. Davidson, 211 Ala. 693, 101 So. 604. An exhibit to a pleading may aid a merely defective allegation, or furnish particulars of description or items of value, but it can never apply the substantial allegations essential to the statement of the cause of action. State ex rel. v. Superior Court, 14 Ariz. 126, 125 P. 707; Sweeney v. Johnson, 23 Idaho, 530, 130 P. 997; Miller v. Miller, 63 Iowa, 387, 19 N. W. 251; Miller v. Howard, 206 Ky. 260, 267 S. W. 147; Sprague v. Wells, 47 Minn. 504, 50 N. W. 535; U. S. Ptg. & L. Co. v. Powers, 183 App. Div. 513, 170 N. Y. S. 314; Malheur County v. Carter, 52 Or. 616, 98 P. 489; Blair v. City of Houston (Tex. Civ. App.) 252 S. W. 882. The complaint should designate with reasonable certainty the location of the defect which caused the injury, and should designate the exact spot in the highway where the alleged defect existed with such certainty as that it can be located without difficulty. 28 Cyc. 1468, note 54; White on Negligence of Municipal Corp. pp. 946, 947; Kellog v. Inhabitants of Northhampton, 4 Gray (Mass.) 65. It is necessary that the complaint aver that the sworn claim filed with the city clerk of the city of Birmingham stated the street and house number where the party injured resides. Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874. The place designated in the recitals of the notice, which was alleged to have been filed with the city clerk of the city of Birmingham, as to the place where the plaintiff was injured, is not a sufficient compliance with the act. Brannon v. Birmingham, 177 Ala. 419, 59 So. 63. The complaint in the instant case was insufficient to show that the alleged defect or rotten bridge had been called to the attention of the governing body of the city prior to the alleged injury, or to show that same had existed for such an unreasonable length of time as to raise a presumption of knowledge upon the part of the governing body of the city. Town of Cullman v. McMinn, 109 Ala. 614, 19 So. 981. The complaint should definitely allege that the street was in an unsafe condition for ordinary travel, or sufficiently describe the nature, size, and character of the alleged defective condition so as to show that the street is in an unsafe condition for ordinary travel; and failure to meet these requirements renders the complaint demurrable. Plummer v. Milan, 70 Mo. App. 598; City of Huntington v. Burke, 12 Ind. App. 133, 39 N. E. 170; City of Vincennes v. Spees, 35 Ind. App. 389, 74 N. E. 277. Failure to aver that the alleged defect was not sufficiently marked or guarded by signals or barriers rendered the complaint demurrable. McCoull v. City of Manchester (Va.) 4 S. E. 848; Soule v. Weatherby, 39 Utah, 580, 118 P. 833, Ann. Cas. 1913E, 75; Cotter v. Lindgreen, 106 Cal. 602, 39 P. 950, 46 Am. St. Rep. 255. It is necessary to aver that the street on which the injury occurred was open for public travel at the time of the injury. Clark v. North Muskegon, 88 Mich. 308, 50 N. W. 254. The complaint must show, by facts, a causal connection between the alleged negligence and the alleged injury. Doullut v. Hoffman, 204 Ala. 33, 86 So. 73; Sloss Co. v. Smith, 166 Ala. 437, 52 So. 38; Tennessee Coal, etc., Co. v. Smith, 171 Ala. 251, 55 So. 170.

W. A. Denson, of Birmingham, for appellee.

Brief did not reach the Reporter.

ANDERSON, C. J. [1, 2] The amendment to the complaint related to the same injury or subject-matter, was not a departure, and was permissible under section 9513 of the Code of 1923. Indeed, the amendment merely added the fact that the notice as required by the statute was given the city before the suit was brought. Counsel for appellant insists that the amendment should not have been allowed for the reason that the original complaint did not state a cause of action, as an averment that the notice was given was a condition precedent to a recovery, and, this being true, there was nothing upon which the amendment could be based and as to which it could not relate back so as to interrupt the statute of limitations, and many cases in other jurisdictions are cited on the subject. It must be observed that our statute, section 9513, is very liberal and quite broad and much more so than many of the statutes or rules of other states. As to whether or not there would be merit in the contention if the original complaint failed to state a cause of action we need not decide, for the reason that the complaint, before amendment, in the case at bar did not fail to state a cause of action. "It is frequently provided by statute

or charter that no action shall be maintained against public corporations for personal injuries from defective streets, unless notice thereof and a statement of the claim is filed with a designated official within a certain time. Such provisions constitute conditions precedent within the rule requiring performance thereof to be alleged in the complaint." 4 Am. & Eng. Ency. of P. & P. 659. This rule has been followed by our own court. City of Birmingham v. Edwards, 201 Ala. 251, 77 So. 841; Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874. We think, however, while a failure to make this averment would make the complaint bad against demurrer, its omission does not render the complaint so abortive that it would not support a verdict or judgment and therefore fail to state a cause of action.

"When the complaint failed to aver and·prove the performance ·of a condition precedent, and defendant moved for a nonsuit, and ·after the motion was overruled introduced evidence which enabled the plaintiff to supply the defect, it was held that by so doing the objection was waived." Smith v. Compton, 6 Cal. 24.

"If the declaration or complaint fails to aver performance of conditions precedent, but the plea or answer avers performance of such conditions, naming them, the defect in the plaintiffs' pleading is cured." Dayton Ins. Co. v. Kelly, 24 Ohio St. 345, 15 Am. Rep. 612.

"When the declaration fails to aver the performance of a condition precedent, but the evidence shows the performance was proved on the trial, the defect is cured by verdict." Happe v. Stout, 2 Cal. 460; Bailey v. Clay, 4 Rand. (Va.) 346.

"And when the performance of the condition precedent is involved in the issue, and necessary to have been proved or admitted, the failure to aver performance thereof in the declaration will be cured by verdict." Colt v. Root, 17 Mass. 229; Delashman v. Berry, 21 Mich. 516.

While the cases, supra, do not involve the identical point before us, they do, in effect, hold that while to aver and prove performance of the notice is a condition precedent, the failure to make such an averment does not prevent the complaint from being sufficient to support a verdict and judgment, and if it will do that, it does not fail to state a cause of action, notwithstanding it may be defective on demurrer.

Section 12 of the Act of 1915, p. 298, reads as follows:

"No suit shall be brought or maintained nor shall any recovery be had against any such city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received, and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides."

We think the amendment to the complaint so refers to and adopts the notice of the injury as to make said notice a part thereof.

[3] We also think that the notice sufficiently locates the place of the injury as being at a bridge in Fifth avenue near Forty-Second street, Wylam, Ala. It is also· sufficient as to the time, as it says "about 7 o'clock p. m." The notice also gives the street number of the residence of the injured party. We think the notice sufficiently describes the manner in which the party was injured; that is, the automobile in which he was riding fell into a defect in the bridge which was without lights or· guards. There is sufficient causal connection between the defect charged in the complaint and the one set out in the notice.

[4] The complaint sufficiently described the defect. It locates the bridge; says the automobile fell through because said bridge was rotten. This is more positive and specific than the complaint held defective in the case of Tenn. Co. v. Smith. 171 Ala. 251, 55 So. 170.

[5] It is true that in actions of this kind against a municipality it is incumbent upon the plaintiff to prove notice of the defect or facts from which notice may be implied, and these facts should be averred, but, where the complaint charges that the municipality negligently maintained or permitted the defect, this is the equivalent ·of charging notice, express or implied of said defect. Lord v. City of Mobile, 113 Ala. 362, 21 So. 366; City of Ensley v. Smith, 165 Ala. 387, 51 So. 343; City of Birmingham v. Poole, 169 Ala. 177, 52 So. 937; City of Anniston v. Ivey, 151 Ala. 392, 44 So. 48; City of Birmingham v. Crane, 175 Ala. 90, 56 So. 723; City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4.

In the case of Cullman v. McMinn, 109 Ala. 614, 19 So. 981, the case was reversed for failing to sustain the demurrer to the complaint and without specifications of a ·particular count or counts the court evidently had in mind the two amended counts which did not charge notice or that the city negligently suffered or permitted the bridge to remain in bad repair or overlooked the fact that this averment appeared in counts 2 and 4. But, if the court intended to hold that all of the counts were bad, this case was in effect overruled to this extent by the cases above cited.

[6] There was no error in overruling the defendant's demurrers, proceeding upon the theory that the complaint failed to aver notice or facts from which notice would be·implied in view of the fact that it charged that the defendant "negligently caused the automobile to fall through the bridge."

[7] The bill of exceptions does not purport

to set out all of the evidence, but only a small portion of same, and which does not relate to the issues or evidence upon the main trial, and we cannot put the trial court in error as to the given or refused charges, or as to the oral charge, in the absence of an exception thereto disclosed in the bill of exceptions even if it contained all of the evidence.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, BOULDIN, and BROWN, JJ., concur.