(126 So. 619)

## CITY OF BIRMINGHAM v. NORWOOD.
### 6 Div. 536.

Supreme Court of Alabama.
Jan. 25, 1930.

Oscar Metz and Marvin Woodall, both of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, for appellee.

FOSTER, J.

The complaint was for damages against the city of Birmingham. It charged that there was an obstruction or stoppage in the city's sewer, which "was the proximate consequence of said city's negligence in not exercising reasonable care to keep said city sewer free of stoppage or obstruction." The other feature or alternative of the complaint was held good by the Court of Appeals and petitioner complains that the Court of Appeals was in error in declaring that the alternative averment above copied was defective

and subject to demurrer because it failed to allege notice of the alleged obstruction in the sewer. The argument is rested upon the requirements of section 2029, Code.

The provisions of this section of the Code were analyzed in Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L. R. A. 1915F, 797. It was divided into two parts, one styled (a), which charged a negligent act to the city or its agents in the line of duty, based on the doctrine of respondeat superior; and one styled (b) which charged a wrong for which the city is only liable for the culpable neglect to remedy a condition negligently created, or made, or allowed to exist by a person or corporation not related in service to the city. Where the city is sued under (b) the other culpable person must be made a party unless there was sufficient excuse for not doing so. And under (b) the city must have had notice of the defect or, etc., as that section provides. This analysis of the section (2029) has been consistently maintained since the opinion in the Carle Case, supra. Bloom v. Cullman, 197 Ala. 490, 73 So. 85.

One of the distinctions drawn between the divisions (a) and (b) is that in charging a wrong under (a), that is the negligent act of the city or its liability on the doctrine of respondeat superior not relating to the negligent act of an outsider, such charge of negligence is the equivalent of charging notice express or implied. This has been pointed out in many of the cases of this court. Birmingham v. Shirley, 209 Ala. 305, 96 So. 214; Birmingham v. Scott, 217 Ala. 615, 117 So. 65.

Some of the cases state in general terms that a charge of negligence to a city, in this respect, imports notice without noting whether the action is under (a) or (b). Some of these were before and some after the enactment of section 2029. Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4, 6; Birmingham v. Scott, supra; Birmingham v. Poole, 169 Ala. 177, 52 So. 937; Ensley v. Smith, 165 Ala. 387, 51 So. 343; City of Anniston v. Ivey, 151 Ala. 392, 44 So. 48; Lord v. Mobile, 113 Ala. 361, 21 So. 366.

It will be observed that the cases last above cited charge the negligence to the city, and not expressly to some "agent, officer or employee" of the city, as stated in section 2029, Code. But in charging negligence the authorities note no substantial difference in the nature of the charge or of the proof to sustain it, whether negligence is charged to a defendant corporation or to its agents, servants, or employees acting in the line and scope of their duty. Goodgame v. L. & N. R. R. Co., 218 Ala. 507, 119 So. 218; Ala. Power Co. v. Edwards, 219 Ala. 162, 121 So. 543; Montgomery v. Stephens, 14 Ala. App. 274, 69 So. 970.

Whether under the express terms of section 2029, a charge under (b) should contain a statement expressly averring notice (notwithstanding the decisions to the effect that an averment of negligence to the city in that respect imports notice) was referred to by this Court in the Shirley Case, supra, impliedly conceding that such express averment is necessary. This was not necessary to the decision of that nor of the instant case, for they were both under (a) of the statute. Whereas in the Ferguson Case, supra, which was under (b), it was held that an allegation that "defendants negligently allowed a defect to be and remain in said street at said point," imports a charge of implied notice. But whether or not such express averment is necessary under (b), there is uniformity of opinion since, as well as before, the enactment of section 2029, that it is not necessary in a complaint framed under the (a) division of that section.

The opinion of the Court of Appeals is based upon Arndt v. Cullman, 132 Ala. 540, 31 So. 478, 90 Am. St. Rep. 922. It is true that in applying the principles there stated, the court overlooked another which runs through all those cited by us. That is, that a charge that defendant negligently allowed a defect to be and remain, where such defect is one described in division (a) of section 2029, is sufficient to charge implied notice. It may be that in holding counts 1 and 6, referred to in that case, as being insufficient, there was an application of the principle stated, without considering the one last above mentioned. If so, the decisions of this Court have so uniformly applied it differently that it cannot now, in the light of such other and subsequent decisions, be treated as a controlling authority to the contrary.

We have reached the conclusion therefore that we are not in agreement with the opinion of the Court of Appeals in respect to the alleged defect in the complaint treated by that court.

The Court of appeals also held that the item of damages claimed for hotel expense occasioned by the act of which complaint is made was not sufficiently proven to justify its recovery, because it was not shown to have been a reasonable amount for that service. The authorities cited support this result. Petitioner is however seeking to invoke the benefit of a statement in the opinion of Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 636, 53 A. L. R. 840; which, in this connection, states that, "if the subject be a matter of common knowledge, and the nature of the charge * * * be before the jury, the sum paid may serve as some evidence of reasonable value in the absence of evidence to the contrary." But in that case the principle was not applied because it was said that the charges for sur-

gical and medical attention are not a matter of common knowledge. In fact we find no case in Alabama where it has been applied, though the rule of the necessity for proof that the charge was reasonable was given effect in a case of a laundry bill in Tomme v. Pullman Co., 207 Ala. 511, 93 So. 462. The citation of Sutherland on Damages, which is the same as Vol. 4 (4th Ed.) § 1250, p. 4735, has a parenthetical statement, (quoted by this Court in B. R., L. & P. Co. v. Humphries, 172 Ala. 495, 55 So. 307) to the effect that "it has been held that proof of the amount paid is proper as some evidence of the value of the services," but the text states that "the usual and reasonable charge" is generally the test. In the case of B. R., L. & P. Co. v. Humphries, supra, the Court was dealing with an objection to evidence of the amount paid. It held that it must not only be reasonable in amount, but also that it has been paid or is due to be paid.

We find no authority or principle which militates against the application of this principle which the Court of Appeals has made in this case, and find nothing in it of which petitioner has the right to complain.

▮ The question of remittitur of damages to this extent, as argued by counsel for petitioner, was not treated by the Court of Appeals and is not therefore presented to this Court for consideration.

Writ denied.

All the justices concur.