[Mayor and Council of Columbiana v. J. W. Kelley, et al.]

# Mayor & Council of Columbiana *v.* J. W. Kelley, *et al.*

*Petition to Vacate Judgment.*

(Decided May 30, 1911. 55 South. 526.)

1. *Pleading; Demurrers; Admission.*—The facts averred in the pleading are taken as confessed on demurrer.

2. *Judgment; Conformity to Pleadings.*—Proof of a contract different from that alleged in a complaint is a fatal variance, and does not sustain a judgment.

3. *Same; Default Judgment; Validity.*—A default judgment rendered on a complaint stating no cause of action, is invalid.

4. *Same; Setting Aside; Grounds.*—Where a default judgment is void, an execution issued thereon may be superseded and quashed on motion of the execution debtor and the void judgment may be set aside.

5. *Evidence; Judicial Notice; Powers of Municipality.*—The court will take judicial notice of the charter powers of municipal corporations created by Local Acts.

6. *Municipal Corporation; Powers.*—Where the charter powers of the city and of the dispensary commissioners of the city, constituting a municipal corporation, do not authorize a joint contractual undertaking of the two corporations, but on the contrary, the charter make such an undertaking inconceivable, a complaint against the two corporations on a joint contractual liability states no cause of action against them.

APPEAL from Shelby Circuit Court.

Heard before Hon. JOHN PELHAM.

Petition by the Mayor and Council of the City of Columbiana to vacate a judgment rendered against petitioner in favor of J. W. Kelley & Co. From a judgment sustaining demurrers to the petition, and dismissing the same, petitioner appeals. Reversed and remanded.

The petition alleges that on the 17th day of July, 1908, J. W. Kelley & Co. brought action against petitioner and the board of dispensary commissioners of Columbiana jointly, a copy of which summons and com-

plaint is attached to the petition; that J. L. Peters and W. W. Wallace were attorneys of record for the plaintiff; that said Wallace marked himself as security for cost, and that he is the same Wallace as shown by the return of the sheriff to have been served with a copy of the summons and complaint as mayor of the city of Columbiana, and as president of the board of dispensary commissioners; and that afterwards, to wit, on October 7, 1908, upon such service and return, a judgment was entered, a copy of which is attached. It is further alleged that said complaint does not contain a substantial cause of action, and was not and is not sufficient to support the judgment, and that the judgment is void. It is further alleged on information and belief that Kelley & Co. is not a corporation, but, if an entity at all, is a partnership composed of individuals who are not parties to said suit. It is further alleged that the petitioner is not indebted in the manner set out in the complaint, and that it has a complete and meritorious defense against all demands, of whatsoever kind, character, or description. It is further alleged that the clerk has issued an execution, and has levied it upon certain property as the property of the petitioner, and has advertised it for sale, and will sell, unless restrained, on the 18th day of January, 1909. It is further alleged that petitioner was prevented from making a defense by reason of the fact that no valid service was made upon it; the said service having been made upon one of the attorneys for the plaintiff. The prayer is for an annulling of the judgment, directing the sheriff not to sell, and restoring the case to the docket for further trial, and for other and further relief.

EDMUND H. DRYER, and MCMILLAN & HAYNES, for appellant. An appeal lies to review the judgment dis-

missing appellant's petition.—*Allen v. Allen,* 80 Ala. 154; *Thornton v. H. A'. & B.,* 94 Ala. 358; *Wilmerding v. Corbin Banking Co.,* 126 Ala. 268; *Ex parte Smith,* in MSS. The court had authority to vacate its judgment.—*Norwood v. Kirby,* 70 Ala. 397. The judgment is void on its face.—*Dickerson v. Walker,* 1 Ala. 48; *Spence v. Simmons,* 16 Ala. 828; *Speed v. Cox,* 57 Ala. 216; *Bradley v. The State,* 69 Ala. 320. The complaint was insufficient to support a judgment.—*St. Clair Co. v. Smith,* 112 Ala. 347; *L. & N. v. Williams,* 113 Ala. 405; *Linan v. Jones,* 134 Ala. 579; *Goodwin v. Foreman,* 114 Ala. 489; *Cobb v. Keith,* 110 Ala. 618. The contract could not furnish a basis for an action ex contractu against the city.—*Town of Cottonwood v. Austin,* 158 Ala. 117; *Bluthenthal v. Town of Headland,* 132 Ala. 249. The judgment was void for want of notice.—*Exchange Nat. Bank v. Clements,* 109 Ala. 270; *Pullman P. C. Co. v. Harrison,* 122 Ala. 149; *Smith v. Woolfolk,* 115 U. S. 149.

J. L. PETERS, and W. W. WALLACE, for appellee. No brief came to the Reporter.

DOWDELL, C. J.—This appeal is prosecuted from a judgment of the court dismissing appellant's petition. The petition was for a supersedeas of an execution issued on a judgment alleged in the petition to be void. The petition sets forth the proceedings in the circuit court wherein the judgment was rendered and on which the execution was issued that is sought to be superseded.

It appears from the petition to which a demurrer was sustained, and the facts averred are taken as confessed on demurrer, that the appellees have sued the appellant, the mayor and council of Columbiana, a munici-

pal corporation, jointly with the dispensary commissioners of Columbiana, Ala., another municipal corporation, in assumpsit, on an implied contract. The complaint contained only the common counts, viz., for money due by account, for goods, wares, merchandise, etc., on an account stated, for money loaned, and for money paid on defendant's request. On this complaint a judgment by default was rendered against the defendants, and execution issued thereon against the appellant, the mayor and council of Columbiana. The complaint states a cause of action jointly against the defendants, and a recovery can be had only on a joint liability.

Proof of a contract different from that alleged in the complaint would constitute a fatal variance. This is elementary law.

The mayor and council of Columbiana is a municipal corporation created by an act of the Legislature.— Acts 1894-95, p. 1102. Its powers to contract are conferred and limited by its charter. The dispensary commissioners of Columbiana, Ala., is also a municipal corporation created by an act of the Legislature.—Local Acts 1900-01, pp. 1128-1133. Its powers to contract are defined and limited by its charter. The courts take judicial notice of the charter powers of such corporations.

In the charter powers of these two corporations there is to be found no power or authority for a joint contractual undertaking by the two. Indeed, under the charter powers, from a legal standpoint, a joint undertaking, with a joint liability, such as is here declared on, is inconceivable. This being true, the logical, the only, conclusion is the complaint fails to state a cause of action. And where the complaint fails to state a cause of action there is nothing upon which to rest a

[State ex rel. Attorney General, v. Jinwright, Sheriff.]

judgment, and a judgment by default in such a case is of consequence invalid.—*St. Clair County v. Smith,* 112 Ala. 347, 20 South. 384; *L. & N. R. R. Co. v. Williams,* 113 Ala. 405, 21 South. 938; *Goodwin v. Forman,* 114 Ala. 489, 21 South. 946; *Linam v. Jones,* 134 Ala. 579, 33 South. 343.

It is not only within the power, but it is the duty, of the courts, to prevent oppression and injustice through an abuse of processes, and, failing to do so, such action is subject to review on appeal. In this case, the judgment being void for the reasons above stated, an execution issued on it was subject to be superseded and quashed upon petition, and the void judgment to be set aside.

For the error indicated, the judgment appealed from is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.