(108 So. 3)

## VULCAN RIVET CORPORATION v. LAWRENCE. (6 Div. 478.)

(Supreme Court of Alabama. Jan. 14, 1926. Rehearing Denied April 8, 1926.)

1. **Negligence ⬅111(3) — Complaint held to show causal connection between invitee's injury and alleged negligence.**

Complaint charging that plaintiff as invitee was injured on defendant's premises by becoming entangled with wires or materials negligently left on ground by defendant's agents while acting in scope of employment, *held* to show causal connection between injury and negligence.

2. **Negligence ⬅111(1).**

Acts constituting negligence, quo modo, need not be set out in the complaint.

3. **Negligence ⬅136(15)—Negligence in permitting materials to be in dangerous proximity to tracks used by invitee, held for jury.**

In personal injury action by invitee on premises, question whether defendant's servants were guilty of negligence in causing materials to remain in dangerous proximity to track over which cars frequently passed and on platform of which trainmen often engaged in discharging their duty *held* for jury.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Negligence ⬅136(26)—Contributory negligence of invitee, in being on lower step of car near material causing injury, held for jury.**

In invitee's action for personal injuries, question whether plaintiff was guilty of contributory negligence in being on the lower step of a car on the track near which materials were alleged to have been negligently piled *held*, under evidence, for jury.

**5. Negligence ⬅141(1) — Instruction placing duty on plaintiff to assume another position without hypothesizing that he knew danger held properly refused.**

In personal injury action, it was not error to refuse instruction which placed duty on plaintiff to have assumed another position on car without hypothesizing that he knew of danger of his position or of a safer one.

**6. Negligence ⬅141(1)—Charge pretermitting knowledge of danger by plaintiff held properly refused.**

In personal injury action, it was not error to refuse defendant's charge that plaintiff was under duty to exercise care for his own safety, that, if he assumed a position on the car which a reasonably prudent person would not have assumed, then to find for defendant, since charge pretermitted knowledge of danger by plaintiff.

**7. Trial ⬅260(1).**

Refusal of charge, substantially covered by charges given, is not error.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for damages for personal injuries by W. B. Lawrence against the Vulcan Rivet Corporation. From a judgment for plaintiff, defendant appeals. Affirmed.

Charges 3 and 5, refused to defendant, are as follows:

"(5) If you believe from the evidence that, by the exercise of reasonable care, plaintiff could have assumed another position upon the car and been safe from injury, then I charge you the plaintiff was under a duty to do so, if you believe from the evidence that the position he assumed was a dangerous one."

"(3) The plaintiff was under a duty to exercise reasonable care for his own safety while coming out of the plant, and, if you believe from the evidence that he came out of the plant while riding on the lower step of a car, and that this was a dangerous position to assume under those circumstances, and that a reasonably prudent person would not have assumed that position under those circumstances, you must find for the defendant."

Nesbit & Sadler, of Birmingham, for appellant.

The complaint must show a causal connection between the injury and the alleged wrongful act. Huyck v. McNerney, 50 So. 926, 163 Ala. 244; Ritch v. Kilby F. & S. Co., 51 So. 377, 164 Ala. 131; Simmerman v. Hills Creek Coal Co., 54 So. 426, 170 Ala. 553; Auxford Brown Ore Co. v. Hudson, 77 So. 243, 16 Ala. App. 245. The evidence did not show a violation of a duty owing by defendant to plaintiff. For this reason, and because of plaintiff's contributory negligence, defendant was entitled to the affirmative charge. Bennett v. L. & N. R. Co., 102 U. S. 577, 26 L. Ed. 235; 20 R. C. L. 56; Wilbourn v. Charleston Cooperage Co., 90 So. 9, 127 Miss. 290; O'Brien v. Tatum, 4 So. 158, 84 Ala. 186; Harold v. Jones, 5 So. 438, 86 Ala. 274, 3 L. R. A. 406; Bessemer v. Dubose, 28 So. 380, 125 Ala. 442; Worthington v. Goforth, 26 So. 531, 124 Ala. 656.

W. A. Denson, of Birmingham, for appellee.

The complaint need not set out in detail the specific acts constituting negligence. L. & N. v. Marbury Lumber Co., 28 So. 438, 125 Ala. 240, 50 L. R. A. 620; Leach v. Bush, 57 Ala. 145; L. & N. v. Holland, 51 So. 365, 164 Ala. 79, 137 Am. St. Rep. 25; Sou. Ry. Co. v. Arnold, 50 So. 293, 162 Ala. 574. The complaint sufficiently showed the duty owed by defendant to plaintiff. Tenn. Co. v. Burgess, 47 So. 1029, 158 Ala. 524; Sloss Co. v. Tilson, 37 So. 427, 141 Ala. 160.

ANDERSON, C. J. [1, 2] This case was tried upon a complaint containing a single count, and said count charges that plaintiff was injured while upon the premises of defendant, where he was invited and had a right to be. It also describes the nature and cause of the injury, and that it was caused by the negligence of defendant's agents or servants while acting in the line or scope of their employment. It says he was thrown to the ground by becoming entangled with certain rods, wires, or material, and that the agents or servants of the defendant negligently caused him to be thrown to the ground. If he was thrown to the ground by becoming entangled with the rods, wires, or other material, and as the defendant's servants negligently caused him to be thrown to the ground, it must have of necessity been due to the fact that the negligence causing the injury was in placing or permitting the rods and wires to be where the plaintiff became entangled in same and was thrown to the ground. The complaint shows a causal connection between the injury and negligence, and it has been long and repeatedly held that the acts constituting the negligence, the quo modo, need not be set out. L. & N. R. R. v. Holland, 51 So. 365, 164 Ala. 79, 137 Am. St. Rep. 25; L. & N. R. R. v. Marbury Lumber Co., 28 So. 438, 125 Ala. 237, 50 L. R. A. 620; Southern R. R. v. Arnold, 50 So. 293, 162 Ala. 574. The trial court did not err in overruling the demurrer to the complaint.

[3, 4] It was a question for the jury as to whether or not the agents or servants of the defendant were guilty of negligence in causing or permitting the rods and wires to be and remain in dangerous proximity to the track over which cars were frequently passing and upon the steps or platforms of which the trainmen were often engaged in discharging their duty. It was also a question for the jury as to whether or not the plaintiff was

guilty of contributory negligence; that is, appreciated the danger of being on the lower step as charged in the special plea. True, there was evidence that the plaintiff was familiar with conditions, and that quite an amount of material had been piled on each side of the track for a considerable time, but, up to the time plaintiff was injured, it may have been a safe distance from the track, and there is proof that the rods and wires with which the plaintiff came in contact were unloaded only the day before, and there was no proof that he knew that this last material had been placed dangerously near the track. The trial court did not therefore err in refusing the general charge requested by the defendant under either aspect of the case.

[5, 6] There was no error in refusing the defendant's requested charge 5. If not otherwise faulty, it placed the duty on plaintiff to have assumed another position on the car without hypothesizing that he knew of the danger of his position or that he knew of a safer one. Charge 3, refused the defendant, if not otherwise bad, pretermits a knowledge or appreciation of the danger by plaintiff as set out in the plea of contributory negligence.

[7] Charge 2, refused the defendant, whether good or bad, was substantially covered by charges given at defendant's request.

The trial court did not err in overruling the motion for a new trial.

The judgment of the circuit court is affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.