35 So.2d 497

## PANKEY v. CITY OF MOBILE.
### I Div. 317.

Supreme Court of Alabama.

May 13, 1948.

Harry Seale, of Mobile, for appellee.

Vickers, Leigh & Thornton, of Mobile, for appellant.

BROWN, Justice.

This is an action on the case by appellant against appellee to recover damages for personal injuries suffered by the plaintiff in consequence of plaintiff falling into or over a deep crack or fissure in the sidewalk on Jefferson Street in the City of Mobile which, as averred in the complaint, defendant negligently caused or allowed to be and remain in said sidewalk.

The defendant pleaded the general issue "not guilty" and contributory negligence. The plea of contributory negligence avers that, "at the time of the alleged fall and at the place set out in the complaint, and immediately prior to the alleged fall by the plaintiff and while she was traveling along the sidewalk at the place mentioned in the complaint she was guilty of negligence which directly or proximately contributed to her fall and to the injury and damages complained of."

The plaintiff challenged the sufficiency of this plea of contributory negligence by demurrer assigning sundry grounds, among others, "for that the allegation that plaintiff was guilty of negligence is a mere conclusion of the pleader; for that sufficient facts are not set out therein to show the acts, omissions, conduct or behavior relied on as constituting contributory negligence."

The demurrer was overruled and after issue joined the case proceeded to trial. At the conclusion of the plaintiff's evidence defendant rested and requested the affirmative charge in writing, which was given by the court, the judgment and verdict was for the defendant, from which this appeal is prosecuted.

The evidence offered by the plaintiff goes to show that there was a circular break in the sidewalk near plaintiff's residence which she usually followed in going to and from the grocery store on the corner where she procured groceries, said crack extending approximately 8' in length, 2' and 2" in width and from 2" to 4½" in depth. The opening or crack in the sidewalk being from 2½ to 3" in width. Where the walkway leads along the margin or line of a vacant lot, at the time of plaintiff's injury, there was a healthy growth of kudzu waist high on a sloping hillside, some of the vine extending up to the margin of the sidewalk, and there was evidence going to show that at the point of the break or immediately adjacent thereto the vine extended across the sidewalk in line with the break or crack. On both sides of the walkway up to the margin there was a thick growth of weeds and grass of considerable height, sufficient to obscure the view of the sidewalk from observation from the opposite side of the street, furnishing a cover for other holes and pitfalls and a harbor for pestiferous insects and poisonous reptiles.

The evidence is without dispute that the plaintiff had knowledge of the defect in the sidewalk and of the growth of weeds, grass and vine and as she was proceeding along the sidewalk on the occasion of her injury, she fell and was injured, suffering a broken hip, a broken arm and other serious injuries. This condition in the sidewalk had existed continuously since the year 1940 up to the date of plaintiff's injury on the 29th of June, 1946. There was evidence going to show that the city authorities had notice of this condition.

The weeds and grass on the sidewalk and on the vacant lot had been cut by a city street crew in 1943 and 1944. The evidence goes to show that the sidewalk was in a dangerous condition, such as to impede public travel, which required pedestrians to walk along a space approximately 21" in width to get by the crack in the sidewalk. Immediately on the side of the defect the growth covered, and extended over, said 21" space.

This evidence presented a jury question as to the defendant's negligence and the proximate consequence thereof going to plaintiff's hurt as against its plea of not guilty. So it is clear that the result was cast by the issue of contributory negligence.

Rule 37 of Circuit and Inferior Court Practice adopted by this court on June 18, 1942, effective the first Monday in October, 1942, provides:

"In pleading contributory negligence no greater particularity of averment as respects the acts, omissions, conduct or behavior relied on as constituting contributory negligence is required than is required in averring, in a complaint, the acts, omissions, conduct or behavior relied on as constituting negligence. A plea of contributory negligence shall be interpreted as charging contributory negligence subsequent to discovery of peril to the same extent that an averment of negligence in a complaint, of the same tenor as the averment of contributory negligence in the plea, would be interpreted as charging negligence subsequent to discovery of peril." Code of 1940 Pocket Part, Tit. 7, p. 91.

The inherent authority of this court to promulgate rules of practice for courts of inferior jurisdiction over which the constitution gives it "superintendence and control" is established in Ex parte Foshee, 246 Ala. 604, 606, 21 So.2d 827, 829. Prior to the adoption of Rule 37, supra, by a long line of cases commencing with Tennessee Coal, Iron & R. R. Co. v. Herndon, 100 Ala. 451, 14 So. 287, reaffirmed in Johnson v. Louisville & Nashville R. R. Co., 104 Ala. 241, 16 So. 75, 53 Am.St.Rep. 39, and Southern Ry. Co. v. Shelton, 136 Ala. 191, 34 So. 194, the rule was established that contributory negligence could not be pleaded as a mere conclusion; that it is a special and affirmative defense and to be pleaded at all must be pleaded with particularity and no other acts or negligence than these specially pleaded can be proved on the trial of the case and if proved they cannot be made a predicate for a verdict for the defendant. Southern Ry. Co. v. Shelton, supra; Central Ice Co. v. Mitchell, 215 Ala. 668, 689, 112 So. 239; Preston v. LaSalle Apartments, 241 Ala. 540, 544, 3 So.2d 411.

The scope and purpose of Rule 37 was and is to relax the requirement of the rule of particularity established by the former decisions and to substitute therefor the more liberal rule applicable to pleading a cause of action for personal injury in the complaint based on negligence which, to state its general effect, is that facts must be averred showing a duty owed by defendant to plaintiff followed by a general averment of negligence as proximately causing the injury. Mobile & Ohio R. R. Co. v. George, 94 Ala. 199, 10 So. 145; Smith V. Tripp, 246 Ala. 421, 20 So.2d 870; City of Birmingham v. Wood, 240 Ala. 138, 197 So. 885.

As applied to a plea of contributory negligence in a case such as the one at bar such plea must aver facts imposing on the plaintiff a duty to avoid the defect or pitfall, showing a reasonably safe way of travel to that end, followed by a general averment of negligence on the part of the plaintiff and that such negligence proximately contributed to plaintiff's injury and damage.

The averment of negligence in such plea imports knowledge of the defect or pitfall by the plaintiff and a sense or appreciation of the danger incident to the use of the street or way. City of Birmingham v. Scott, 217 Ala. 615, 117 So. 65; City of Birmingham v. White, 242 Ala. 211, 214, 5 So.2d 464, 466. In the last cited case it was observed: "The question of contributory negligence as a matter of law is the gravest one in the case. This inquiry turns on *knowledge* of the defect, such defect that a pedestrian, in the exercise of ordinary care would *see*

*and appreciate probable danger in the way chosen*, and avoid the same, when there was a safe, or much safer way easily accessible and known to the pedestrian at the time." [Italics supplied.] City of Birmingham v. White, supra; Vulcan Rivet Corp. v. Lawrence, 214 Ala. 378, 108 So. 3. Knowledge of a defect and its danger is not of itself contributory negligence. City Council of Montgomery v. Wright, 72 Ala. 411, 47 Am.Rep. 422; Elyton Land Co. v. Mingea, 89 Ala. 521, 7 So. 666; Wilson v. Louisville & N. R. R. Co., 85 Ala. 269, 4 So. 701; City of Birmingham v. White, supra. The burden of proof is on the defendant to sustain the material averments of the plea and its necessary intendments, unless the evidence offered by the plaintiff to support the complaint *establishes* contributory negligence. Bromley v. Birmingham Mineral R. Co., 95 Ala. 397, 11 So. 341.

■ We are not of opinion that the defendant's plea 2 as amended met the requirements of the rule. The plea was subject to the objection that it averred negligence as a mere conclusion, as pointed out by the demurrer. Johnson v. Louisville & Nashville R. Co., 104 Ala. 241, 16 So. 75, 53 Am.St.Rep. 39.

The plaintiff testified in respect to her injury.

"Q. Now, Mrs. Pankey, will you just tell these twelve gentlemen and his Honor what happened with reference to your falling out there. A. I do not know anything; I couldn't tell anything.

"Q. Do you remember going to the store that afternoon? A. Yes, I went to the store and I came back, with intention of going back when I tripped and fell.

"Q. Now, when you tripped and fell where were you going then? A. To the store.

"Q. Where had you come from? A. From the store,—from my house, I came out of my door.

"Q. And you were going back to where? A. To the store.

"Q. And what were you going to the store for? A. 7-up, get a half a dozen bottles of 7-up.

"Q. Now, while you were walking back there you say you tripped and fell? A. Tripped and fell.

"Q. What did you trip on? A. I couldn't say, I don't remember nothing; it was a blank to me.

"Q. I see,—were there any weeds out there about that sidewalk? A. Oh, yes, that kudzu vine was out there, completely covered the sidewalk.

"Q. Clear over the sidewalk? A. All over the sidewalk.

"Q. Do you know whether you tripped in the kudzu vine or whether you stepped in the hole? A. No, I tripped and fell, and struck that bad place on the sidewalk.

"Q. Now, did you fall into that hole out there? A. I couldn't say; I couldn't tell you anything, only I went down, that is all.

"Q. Do you know where you were lying after you were lying on the sidewalk? A. Where I was?

"Q. Yes, mam. A. In that bad place there, is all I can tell you.

"Q. You were in the bad place? A. Yes, right there.

"Q. And where were your feet? A. I don't know; I couldn't tell you where my feet were; I don't remember nothing,—blank to me.

"Q. Then after you fell you went to the hospital? A. Yes, I was carried there in an ambulance.

"Q. Did you know about that hole out there Mrs. Pankey? Did you know the hole was in the sidewalk? A. Yes, sir.

"Q. Did you know about the weeds out there? A. There wasn't any weeds; it was just that vine.

"Q. That vine. A. It covered the sidewalk completely, and no way to get out of it.

"Q. No way to get out of what? A. Out of the weeds, what was on that sidewalk from that vacant lot.

"Q. Those weeds, how far did they extend with reference to the hole? Did they extend up to it, or not? A. No, right to the edge of the sidewalk.

"Q. Right to the edge of the broken place? A. No, no.

"Q. Tell us about how far they did extend.

"Mr. Seale: I ask him to quit leading her, if the Court please.

"The Court: Try not to lead her, Mr. Thornton.

"Q. Tell us how far the vines extended out? A. How far the what?

"How far the vines extended out over the sidewalk?

"Mr. Seale: We object to that, because she has already stated they only extended up to the edge of the sidewalk, and he is trying to make her say that they extended out into the sidewalk.

"The Court: I over-rule the objection. I will let her answer. Exception.

"A. The vines you are speaking about?

"Q. Yes. A. Well that went direct to that hole and was going across the street.

"Q. Did you make any effort to avoid that hole as you were walking towards the store?

"Mr. Seale: We object to that as calling for a conclusion.

"The Court: Just testify to what you did, Mrs. Pankey, I sustain the objection. Exception.

"Mr. Thornton: I think that is all.

* * *"

It will be noted that the plaintiff does not state or attempt to state what caused her to trip and fall. There is no positive evidence of forgetfulness on the part of the plaintiff and there is evidence tending to show that the high weeds growing along the border of the sidewalk and the vine extending over on the sidewalk narrowed the safe way of travel and was a substance reasonably tending to distract the attention of plaintiff and momentarily to cause her to encounter and step on the founderous or broken portion of the sidewalk. These inferences presented a question for jury decision.—Houston v. Town of Waverly, 225 Ala. 98, 142 So. 80; City of Birmingham v. Monette, 241 Ala. 109, 113, 1 So.2d 1, 133 A.L.R. 1020.

The other questions argued may not arise on another trial, and we deem it unnecessary to treat them.

For the errors noted the judgment of the circuit court is reversed and the cause remanded for further proceedings as the parties may elect.

Reversed and remanded.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.