93 ·So.2d 419

.M. L. BROWN et al.

v.

CITY OF FAIRHOPE et al.

I Div. 693.

Supreme Court of Alabama.

March 7, 1957.

Chason & Stone, Bay Minette, and Johnston, McCall & Johnston, Mobile, for appellants.

Beebe & Swearingen, Bay Minette, for appellees.

598

MERRILL, Justice.

Appellants filed their complaints, consisting of two counts, against the appellees, the City of Fairhope, a municipal corporation, and The Water Works and Sewer Board of the City of Fairhope, a corporation. The defendants filed separate demurrers to the complaint and these demurrers were sustained. Thereupon, appellants took a nonsuit because of the adverse rulings of the court in sustaining the demurrers to the complaint.

Count One of the complaint is as follows:

"Plaintiffs, who are husband and wife, claim of the defendants the sum of Two Thousand and no/100 ($2,000.-00) Dollars as damages for that on, to-wit, the 27th day of May, 1954, the servants, agents or employees of said defendants, while acting within the line and scope of their employment as such negligently caused or allowed sewer lines, located within said City of Fairhope and maintained and operated by said defendants, to overflow or flood with raw sewage and refuse plaintiffs' home and residence at which they were then and there residing, located at 109 No. Summit Street in the City of Fairhope, Alabama as a proximate result of which negligence the furniture, furnishings, personal effects in, and bathroom fixtures and floors of said dwelling house of plaintiffs were injured and damaged, causing foul and objectionable odors to said premises, and further causing plaintiffs to be put to great expense in renovating, cleaning and deodorizing said premises.

"And Plaintiffs allege that a statement of said claim was filed with each of said defendants within six (6) months after May 27, 1954, and that said claim was thereafter disallowed by the defendant, City of Fairhope, a municipal corporation, and the other defendant has failed or refused to pay the same.

"Wherefore, plaintiffs bring this suit and ask judgment in the above amount."

Count Two is identical with Count One except that it omits any reference to the servants, agents or employees of said defendants and charges that " * * * the defendants so negligently maintained or operated sewer lines" etc.

The appellee, in brief, argues that the action of the trial court should be upheld for any one of the four objections to the complaint, for which there were apt grounds of demurrer. The first objection is that the complaint alleges two distinct causes of action in the same count and that it "joins two defendants as tort-feasors, *which under the law could not be engaged in a joint enterprise and could not be joint feasors and hence could not be joined in the same complaint.*"

■ Addressing ourselves first to the italicized portion of the statement, there is nothing in the complaint which shows that the defendants could not be engaged in a joint enterprise under the law. That is a matter of pleading and proof and could only be brought to the court's attention on demurrer by a "speaking demurrer," which is improper. It could be that on proof there may be a variance, but the complaint charges that the "defendants" in one count and "the servants, agents or employees of said defendants" in the other, negligently maintained and operated the sewer lines. See Sloss-Sheffield Steel & Iron Co. v. Wilkes, 231 Ala. 511, 165 So. 764(21) (22), 109 A.L.R. 385.

■ Code 1940, Tit. 7, § 139, provides:

"When a suit is instituted against several defendants, whether sued as partners or otherwise, the plaintiff may recover against one or more, but is liable to costs to those against whom he does not obtain judgment."

We have held that where two defendants are sued as joint tort-feasors, the plaintiff can recover against one of them, although his proof may fail as to the other. See F. W. Woolworth Co. v. Erickson, 221 Ala. 5, 127 So. 534(4, 6); Sloss-Sheffield Steel & Iron Co. v. Wilkes, 236 Ala. 173, 181 So. 276(1). The grounds of demurrer raising the first objections were not well taken. The case of City of Columbiana v. J. W. Kelley & Co., 172 Ala. 336, 55 So. 526, cited by appellee, is not an apt authority.

■ The second objection is that the complaint does not join as party defendant the agent, servant or employee responsible for the tort complained of, or show cause why not joined as required by § 503, Tit. 37 of the Code of 1940. This section does not apply in the instant case. In discussing code sections, which are now §§ 502 and 503 of Tit. 37, this court, in City of Birmingham v. Corr, 229 Ala. 321, 157 So. 56, 57, said:

"These statutory provisions are limited to cases where the injury results from the initial wrongful act of some third person for whose acts the city is not responsible under the doctrine of respondeat superior, and the city's liability arises from negligent failure to remedy the conditions created by such third person. City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22, L.R.A. 1915F, 797; City of Montgomery v. Ferguson, 207 Ala. 430, 93 So. 4; City of Birmingham v. Norwood, 220 Ala. 497, 126 So. 619; City of Anniston v. Hillman, 220 Ala. 505, 126 So. 169; City of Decatur v. Gilliam, 222 Ala. 377, 133 So. 25."

The third objection is that "the complaint does not allege the facts constituting the negligence complained of." The statement of a few rules will suffice to show that the grounds of demurrer raising this point were not well taken.

■ In a count charging negligence, it is sufficient to allege only facts and circumstances from which the law imposes a duty to the plaintiff, and then a general charge of negligence in the performance of that duty without a statement of the particular manner in which it was negligently performed. Wagnon v. Patterson, 260 Ala. 297, 70 So.2d 244; Birmingham Electric Co. v. Carver, 255 Ala. 471, 52 So.2d 200.

■ A count which alleges facts from which negligence may be reasonably inferred, followed by averments of negligence whereby the plaintiff assumes the burden to prove negligence in the particular case, is sufficient as an allegation of defendant's negligence. City of Birmingham v. Young, 246 Ala. 650, 22 So.2d 169; City of Birmingham v. Smith, 231 Ala. 95, 163 So. 611, and cases cited.

■ Where the complaint shows a causal connection between the injury and the negligence, the acts constituting the negligence, the quo modo, need not be set

out. Vulcan Rivet Corp. v. Lawrence, 214 Ala. 378, 108 So. 3, and cases cited. Here the complaint shows the alleged injury to be the overflowing of raw sewage into plaintiffs' home, and that this was caused by the negligent operation and maintenance of the sewer lines by the defendants, all of which proximately resulted in the listed injuries. The two counts meet the rules cited and were not subject to the third objection.

The last objection raised the point that the maintenance and operation of the sewer lines was a governmental function and that prevents the defendants from being sued. The rationale of the argument is that since the cases of City of Tuscaloosa v. Fitts, 209 Ala. 635, 96 So. 771, and Ivory v. City of Montgomery, 35 Ala.App. 631, 51 So.2d 559, hold that the collection of garbage by a municipality is a governmental, and not a corporate, function, and the case of Spear v. Ward, 199 Ala. 105, 74 So. 27, holds that the preservation of public health by the installation of sanitary systems of sewers is within the police power of the municipal government, that the maintenance and operation of sanitary sewers is a governmental function. But our cases hold otherwise. In Sisco v. City of Huntsville, 220 Ala. 59, 124 So. 95, this court said:

"A municipality duly authorized to construct and maintain a system of municipal sewers, when undertaking so to do, owes the duty of reasonable and ordinary care to avoid injury to persons and property. While related to the government function of preserving the public health, such improvement and the maintenance thereof involves continuous management.

"To undertake this service, imposing local assessments or other form of taxation for the purpose is to assume a measure of legal duty in its performance. The law, as long declared in this state, deals with it as in the nature of a corporate, rather than a purely government work.

"The officers or agents of the city are in the performance of ministerial rather than government functions; and the city is liable for the consequences of their negligence while acting within the line and scope of employment. The liability is analogous to that involved in the construction and maintenance of streets, or public utilities like water works and light plants. (Citing cases.)"

See also, City of Birmingham v. Greer, 220 Ala. 678, 126 So. 859; City of Birmingham v. Norwood, 23 Ala.App. 443, 126 So. 616.

These four objections cover all the grounds of the demurrers. It follows that the trial court erred in sustaining the demurrers, and the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.