MURDOCK, Justice
(concurring specially).
I fully concur in the main opinion and the reasoning therein. I write separately to further explain the basis for my concurrence.
I must confess that, until recently, I . found the provisions of §§ 11-47-190 and -191, Ala.Code 1975, confusing. The purpose of both sections appears to be to address the liability of municipal governments, but they seek to accomplish this with unusual clauses and categories, the meaning, need, and consistency of which are not readily apparent. I found the second sentence of § 11-47-190 particularly difficult to understand, given its multiple commas, conditional clauses, and especially the content and placement of the particular clause referring to judgments against “any officer or officers, employee or employees, or agents” of a municipality in the midst of a statute (two statutes if you include § 11417-191) otherwise singularly focused on municipal-governmental liability and protecting municipal-government coffers. Having recently examined the historical context in which the first predecessors of these statutes were enacted, as well as early decisions of this Court rendered not long after their enactment, see discussion infra, I have come to what I believe is a clearer understanding of these statutes, and I offer the following observations.
First, the provisions of § 11 — 47-190 must, of course, be read as a whole. Second, they must be read in pan materia with the provisions of § 11 — 47-191. Moreover, the provisions of § 11-47-190 must be read as a whole and in pari materia with those of § 11 — 47-191 within the unique historical context of the preexisting doctrine of local governmental immunity and the debate relating to that doctrine attendant to the adoption of the Alabama Constitution of 1901.[5]
The common-law doctrine of governmental immunity for municipal and county governments predates not only the adoption of § 11-47-190 and its predecessors, but also the adoption of the 1901 Constitution.[6] Nonetheless, the doctrine survived the adoption of that Constitution, including §§ 11 and 13 thereof. E.g., Garner v. Covington Cnty., 624 So.2d 1346 (Ala.1993); Home Indem. Co. v. Anders, 459 So.2d 836 (Ala.1984). Because it was in fact (and remains) a common-law doctrine, and not a Constitutional requirement, the doctrine of local governmental immunity was and is subject to modification by the legislature. Id.
Further, as noted, the doctrine of local governmental immunity was a doctrine concerned with protecting local governments, specifically, the public coffers maintained by those governments, see, e.g., Smith v. Schulte, 671 So.2d 1334 (Ala.1995), and Gamer. It afforded no protection to local-government employees when they might be sued in their individual capacity on the basis of some duty imposed upon them personally by tort law (e.g., the duty to use due care vis-á-vis other motorists while driving on public roadways on municipal or county business). As this Court explained in Anders, a case indicat *773 ing that §§ 11-93-2, Ala.Code 1975 (also imposing a $100,000 cap on local governmental liability), and 11^17-190 should be construed in pari materia, the intent and effect of such statutes “must be addressed in the context of the unique status of counties and cities as governmental entities,” and actions against counties and municipalities “have always been subject to reasonable regulation by the legislature on a basis not applicable to actions against individuals and other entities.” 624 So.2d at 1351 (emphasis added). See Smith, 671 So.2d at 1343 (emphasizing that “the unique status of counties or cities” was “crucial to the rationale of Gamer” upholding § 11-93-2 against a constitutional challenge); Garner, 624 So.2d at 1351-54 (quoting at length portions of the convention debate regarding municipal governmental immunity and the ability of the legislature to abrogate it as it might see fit under the proposed constitution). See also, e.g., Health Care Auth. for Baptist Health v. Davis, [Ms. 1090084, May 17, 2013]-So.3d-,-(Ala.2013).
Thus, the fact and amount of liability by a municipal employee in his or her individual capacity were not and are not proper, or intended, subjects of the legislature’s enactment of §§ 11-47-190 and -191 and their predecessors. Instead, employees, officers, and agents of a municipality find themselves referenced in the last sentence of § 11-47-190 simply because of the need to be clear that governmental, liability is limited to $100,000 even where that liability is a function of an action against one of those persons in his or her official capacity or of the special statutory indemnity obligation imposed on the municipality by § 11-17-21, Ala.Code 1975. The legislature’s use of the word “however” to introduce the second sentence of § 11-47-190, and the relationship between the first and second sentences of § 11-47-190 that, as discussed in the main opinion, it reflects, simply reinforces this understanding.
As noted, the predecessors of §§ 11-47-190 and -191 date back to 1907, not long after the adoption of the 1901 Constitution and the debates over municipal liability that occurred at the convention that produced that constitution. The above-stated understanding of these statutes is informed, therefore, by a long line of cases, the first of which was decided in 1915. See City of Birmingham v. Carle, 191 Ala. 539, 68 So. 22 (1915) (explaining the meaning of the §§ 1273 and 1274, Ala.Code 1907); City of Birmingham v. Norwood, 220 Ala. 497,126 So. 619 (1930) (explaining §§ 2029 and 2030, Ala.Code 1923); City of Anniston v. Hillman, 220 Ala. 505, 126 So. 169 (1930); City of Birmingham v. Corr, 229 Ala. 321, 157 So. 56 (1934); City of Mobile v. Reeves, 249 Ala. 488, 31 So.2d 688 (1947) (explaining §§ 502 and 503, Title 37, Ala.Code 1940); Brown v. City of Fairhope, 265 Ala. 596, 93 So.2d 419 (1957); Smitherman v. Marshall Cnty. Comm’n, 746 So.2d 1001 (Ala.1999); Health Care Auth. for Baptist Health v. Davis, — So.3d at- (discussing the historical context and reasons for §§ 11-47-190 and -191); Ex parte City of Bessemer, 142 So.3d 543 (Ala.2013) (to like effect). See also Suttles v. Roy, 75 So.3d 90 (Ala.2010) (applying § 11-93-2, but indicating that that Code provision and § 11-47-190 are to be construed in pari materia).
Finally, I note that the question before us in this permissive appeal is limited to whether, if an employee of a municipality is personally liable for a tort he or she commits in the course of his or her employment by a municipality, that liability can exceed the $100,000 cap referenced in § 11-47-190. Any such liability, however, would of course depend as a threshold matter on the existence of a duty that was *774 personal to the employee (not merely a duty of his or her employer) and that ran to the plaintiff (and not merely from the employee to his or her employer). This and other questions concerning the prospective liability of a municipal employee in Wayne Morrow’s position are not before us, and the main opinion should not be understood as implying any answer to them.

. The main opinion aptly states that § 11-47-190 “recognizes” — not that it "creates” or "establishes” — the general rule of local governmental immunity. 153 So.3d at 773.

. The original predecessors of § 11-47-190 and -191 were enacted by the legislature in 1907 as companion provisions. Ala.Code 1907, §§ 1273 and 1274. See also Ala.Code 1923, §§ 2029 and 2030.